***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted January 6, reversed February 15, 2023

In the Matter of C. K.,
a Person Alleged to have Mental Illness.
STATE OF OREGON,
*Respondent,*

*v.*

C. K.,
*Appellant.*

Multnomah County Circuit Court
22CC04382; A179198

Julia A. Philbrook, Judge pro tempore.

Joseph R. DeBin and Multnomah Defenders, Inc. filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jona J. Maukonen, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Reversed.

**SHORR, P. J.**

Appellant appeals from a judgment committing him to the Mental Health Division for a period not to exceed 180 days based on a finding that he has a mental illness. ORS 426.130. He asserts that the trial court plainly erred when it failed to provide the advice of rights required by ORS 426.100(1). Appellant further asserts that the record was legally insufficient for the trial court to find, by clear and convincing evidence, that he has a mental disorder that renders him a danger to himself and others.

The state concedes the error in failing to advise appellant of his rights. We agree that failure to provide such statutory advice of rights constitutes plain error. *See State v. R. R. M.*, 310 Or App 380, 381, 484 P3d 408 (2021) (concluding that a trial court's failure to advise an appellant of their right under ORS 426.100(1) to subpoena witnesses is plain error). Because of the nature of civil commitment proceedings, the relative interests of the parties, the gravity of the error, and the ends of justice, we exercise our discretion to correct the error. Given our disposition, we need not address appellant's assignment of error concerning the sufficiency of the evidence.

Reversed.